UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LORI M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00112-MG-JRS |
| | ) | |
| FRANK J. BISIGNANO Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

On September 8, 2021, Plaintiff Lori M.[1] filed a Title II application for a period of disability

and disability insurance benefits, as well as a Title XVI application for supplemental security

income, alleging disability beginning on March 16, 2020. [Filing No. 9-2 at 11.] Following denials

at the initial and reconsideration levels, Plaintiff filed a request for a hearing before an

Administrative Law Judge ("ALJ"). [Filing No. 9-2 at 11.] A hearing was held before the ALJ on

August 24, 2023. [Filing 9-2 at 11.]  On October 4, 2023, the ALJ issued a decision denying

Plaintiff benefits, [Filing No. 9-2 at 19], and on January 8, 2025, the Appeals Council denied

Plaintiff's request for review, [Filing No. 9-2 at 2.] For the reasons that follow, the Court hereby

**REVERSES** the ALJ's decision denying Plaintiff benefits and **REMANDS** this matter for further

consideration.

## I.    Legal Standard

"The Social Security Administration (SSA) provides benefits to individuals who cannot

obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98

---

[1] To protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has
chosen to use only the first name and last initial of non-governmental parties in its Social Security review opinions.

1

(2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standard, and that substantial evidence exists for the ALJ's decision. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103. "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)). In creating a logical bridge, the ALJ must meet the "minimal articulation requirements" when making the decision. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) ("An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning."); *see Zellweger v. Saul*, 984 F.3d 1251, 1252 (7th Cir. 2021) (explaining the court reviews the ALJ's decision holistically).

II.    **Factual Background**

The ALJ's decision finding Plaintiff not disabled followed the required five step evaluation process in 20 C.F.R. § 404.1520. Specifically, the ALJ found:

- At Step One, that Plaintiff "ha[d] not engaged in substantial gainful activity since March 16, 2020, the alleged onset date[.]"

- At Step Two, that Plaintiff "ha[d] the following severe impairment: lumbar degenerative disc disease[.]"

- At Step Three, that Plaintiff "d[id] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]"

- At Step Three but before Step Four, that Plaintiff "ha[d] the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She cannot work around vibrations, or hazards, such as unprotected heights or dangerous machinery."

- At Step Four, that Plaintiff was "capable of performing past relevant work as a garment sorter. This work d[id] not require the performance of work-related activities precluded by the claimant's residual functional capacity[.]"

- Alternatively, at Step Five, that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy."

[Filing No. 9-2 at 13–19.] For these reasons, the ALJ concluded Plaintiff had "not been under a disability, as defined in the Social Security Act, from March 16, 2020, through the date of this decision[.]" [Filing No. 9-2 at 19.]

## III.    Discussion

Plaintiff argues the ALJ erred in two ways: (1) she impermissibly played doctor by not including RFC limitations for Plaintiff's shoulder, as well as ignored evidence of Plaintiff's cervicogenic dizziness and headaches; and (2) her subjective symptom assessment was not grounded in substantial evidence.

The Court begins with Plaintiff's argument that the ALJ failed to consider evidence of her cervicogenic dizziness and headaches. As previously noted, on September 8, 2021, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income, alleging a disability beginning on March 16, 2020. [Filing No. 9-2 at 11.] In the "Medical Conditions," section of her application, Plaintiff was prompted to identify the physical or mental conditions that formed the basis of her initial claim for disability. *See* [Filing No. 9-6 at 3.] Among other conditions, Plaintiff listed cervicogenic dizziness and headaches. [*Id*.]

In her brief, Plaintiff cites an emergency room visit for dizziness as well as a physical therapy evaluation for cervicogenic dizziness, neck pain, and weakness. *See* [Filing No. 9-7 at 251, 302.] The emergency room visit occurred on September 10, 2020. [Filing No. 9-7 at 302.] Plaintiff's chief complaint was dizziness, and she described "feeling off balance." [*Id*.] Plaintiff also relayed that she had experienced the same symptoms on one previous occasion. [*Id*.] About a year later, on September 15, 2021, Plaintiff was evaluated by a physical therapist. [Filing No. 9-7 at 251.] The "Subjective History of Current Complaint" section of the evaluation form stated the following:

> Patient notes dizziness for a few years, notes spinning when first waking up in the morning along with nausea. Patient notes intermittent headaches 2-3/ week. Patient notes worst episode a few months ago, with severe vertigo when raising her head off the bed. Patient was prescribed Meclizine, and notes fatigue as a side effect.

4

> Patient notes feeling dizzy most of the time, sometime for hours on end, but notes good days and bad days. Patient notes h/o neck pain, L>R, burning pain in BL elbows and R shoulder pain over the past few years.

[*Id.*] At no point in her decision did the ALJ discuss or cite the foregoing evidence. In fact, there is no mention, even generally, of cervicogenic dizziness or headaches. While the ALJ need not address every conceivable condition Plaintiff might suffer from, it is troublesome to the Court that she ignored Plaintiff's cervicogenic dizziness and headaches, particularly in light of the supporting evidence of those conditions as well as Plaintiff having listed them on her disability application. Notable too, while the Commissioner characterizes the above evidence as Plaintiff having "simply described her symptoms," [Filing No. 15 at 6], the physical therapy evaluation included a "Treatment Diagnosis" box, in which the physical therapist wrote the following: "[c]ervicogenic dizziness, neck pain with radiating pain, weakness." [Filing No. 9-7 at 251.] Even when subjective accounts of migraines or headaches are all that exist in the record, an ALJ must be cautious: Dependence on objective medical testing when rejecting a claimant's subjective reports of headaches can be problematic, as "there is no medical test available to confirm the presence or severity of migraine headaches[.]" *Fields v. Colvin*, 213 F. Supp. 3d 1067, 1072 (N.D. Ind. 2016); *but see Angela J. B. v. Kijakazi*, No. 1:21-cv-2801, 2023 WL 2445442, at *3 (S.D. Ind. Mar. 9, 2023) (noting that in cases involving complaints of migraine headaches, an ALJ can rely on "objective medical signs," including "whether the claimant's complaints are consistent with the existence of disabling migraine pain") (citation modified).

The Commissioner's justifications for the ALJ's omissions do not move the needle. In his response brief, the Commissioner contends that the emergency room visit and physical therapy evaluation do not demonstrate that Plaintiff's cervicogenic dizziness and headaches were severe. But the Commissioner has misidentified the issue: Plaintiff has

challenged the ALJ's *failure to acknowledge this evidence,* she has not challenged that this evidence necessitated a severe impairment finding. The Commissioner also notes that "Plaintiff has not shown any additional RFC limitations were required." [Filing No. 15 at 6.] But again, this sentiment does not iron out the present issue. To be affirmed, the ALJ must articulate her impressions of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Here, the ALJ provided no glimpse into her impressions of the evidence that Plaintiff suffered from cervicogenic dizziness and headaches, conditions explicitly identified on Plaintiff's application for benefits. Consequently, the Court is in the dark about whether the ALJ considered this evidence, and if so, what conclusions she drew. *See Minor v. Colvin,* No. 1:15-cv-1017, 2016 WL 4132075, at *5 (S.D. Ind. July 11, 2016), *report and recommendation adopted,* No. 1:15-cv-1017, 2016 WL 4088413 (S.D. Ind. Aug. 2, 2016) ("Because the ALJ never mentioned the evidence of headaches and migraines, it appears he did not consider it, which was error.").

Because the Court is recommending that this case be remanded, it need not address Plaintiff's remaining arguments, though she may raise those arguments before the ALJ.

## IV.    Conclusion

For the reasons detailed herein, the Court **REVERSES** the ALJ's decision denying the Plaintiff benefits and **REMANDS** this matter for further proceedings. Final judgment will issue accordingly.

Date: 2/27/2026

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution to all counsel of record via CM/ECF.**